UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD TRAFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:09-cv-44-P-S |
| | ) |
| CITY OF WESTBROOK, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss (Docket # 5), which seeks to dismiss the two individually-named Defendants in this case. For the reasons explained herein, the Court GRANTS the Motion.

**I.     STANDARD OF REVIEW**

Defendants have moved to dismiss Plaintiff's claims against Defendants Bruce Chuluda and Gary Littlefield pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). Pursuant to Rule 12(b)(6), a party is entitled to have a claim against it dismissed when the allegations on which the claim depends "fail[ ] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In relevant part, Rule 12(f) allows the Court to strike from a complaint "any redundant [or] immaterial . . . matter." Fed. R. Civ. P. 12(f).

When considering any motion under Rule 12(b)(6), the Court accepts as true the well-pleaded factual allegations of the complaint and draws all reasonable inferences in the plaintiff's favor. Ultimately, the Court must determine whether the complaint, when taken in the light most favorable to the plaintiff, sets forth sufficient facts to support the claim for relief. Clorox Co. v.

Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).

## II.     FACTUAL BACKGROUND

Plaintiff Donald Trafford has worked as a firefighter with the Westbrook Fire and Rescue Department since 1995. In 2007, he was promoted to Lieutenant.

In 2008, another firefighter accused Trafford of gender discrimination based on a hostile work environment. The accusation was investigated and ultimately the Chief of the Westbrook Fire and Rescue Department proposed demoting and suspending Trafford. This proposed employment action was the subject of a hearing held on October 15, 2008. Prior to that hearing, Trafford was given a notice that consisted of a copy of a letter by the Chief and the results of the investigation. However, as alleged in the Complaint, the substance of this notice was so vague that Trafford was denied the opportunity to respond or defend himself.

At the October 15, 2008 hearing, the hearing officer acknowledged receiving and reviewing a document that detailed various complaints against Trafford. This document was written by Attorney Rebecca Webber, who had initiated claims on behalf of female firefighters. The hearing officer refused to provide a copy of this document to Trafford. Ultimately, as a result of the hearing, the Mayor of Westbrook took disciplinary action against Trafford, including demoting him.

In his two-count Complaint, Trafford alleges that he was denied due process in violation of 42 U.S.C. § 1983. The Complaint names three Defendants: the City of Westbrook ("Westbrook"); Bruce Chuluda, in his official capacity as the Mayor of Westbrook ("Chuluda"); and Gary Littlefield, in his official capacity as the Westbrook Fire and Rescue Chief ("Littlefield"). Trafford specifically claims that he was provided inadequate notice of the

charges prior to the October 15, 2008 hearing (Count I) and that he was wrongfully denied access to evidence used at the hearing (Count II). He seeks back pay and other benefits lost as a result of the disciplinary action as well as attorney's fees and costs. He also seeks injunctive relief, specifically requesting that the Court "[o]rder the Mayor of Westbrook to reinstate [Trafford] to the position he held before the Mayor took disciplinary action against him, expunging any record of disciplinary acts." (Compl. (Docket # 9-2) at 4.)

### III. DISCUSSION

Defendants seek to have the Complaint dismissed only as to Chuluda and Littlefield asserting that naming these two individuals as Defendants in their respective official capacities is redundant in light of Plaintiff's claims against Westbrook. In support of this argument, Defendants' Motion cites and quotes Kentucky v. Graham, 473 U.S. 159 (1985), which explained, in relevant part:

> Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' . . . As long as the government entity received notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

Id. at 155-66 (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978)).

Responding to Defendants' Motion, Plaintiff asserts that his claims against Chuluda and Littlefield in their respective official capacities serve as the basis for his request for prospective injunctive relief, including expunging his disciplinary record and reinstatement to his Lieutenant's position. In support of his position, Trafford cites Will v. Michigan Department of State Police, 491 U.S. 58 (1989) as well as Gomes v. University of Maine System, 304 F. Supp. 2d 117 (D. Me. 2004). It is true that the Supreme Court in Will and Judge Woodcock in Gomes both recognized that the appropriate method for securing prospective injunctive relief against a

*state* under 42 U.S.C. § 1983 was to name the relevant *state* official as a defendant in his or her official capacity. See Will, 491 U.S. at 71 & n.10; Gomes, 304 F. Supp. 2d at 122-23. However, such an official capacity claim is not necessary when a Section 1983 claim is brought against a *municipality*. See, e.g., Graham, 473 U.S. at 167 n.14 ("There is no longer a need to bring official-capacity actions against local government officials, for under Monell, local government units can be sued directly for damages and injunctive or declaratory relief."); Dirrane v. Brookline Police Dep't, 315 F.3d 65, 71 & n.4 (1st Cir. 2002).

In short, Plaintiff has failed to proffer any relief that can be granted to him on his official capacity claims that he cannot possibly obtain based on his Section 1983 claims against Westbrook. The Court has found no case law suggesting that Plaintiff cannot obtain the prospective injunctive relief he seeks directly against Westbrook should he succeed on his claims under 42 U.S.C. § 1983. Moreover, Plaintiff has not cited and the Court has not found any precedent suggesting that the standard for obtaining such injunctive relief against Westbrook would be any different than the standard for obtaining injunctive relief against Chuluda or Littlefield in their respective official capacities. Under these circumstances, it is appropriate to dismiss the official capacity claims against Chuluda and Littlefield as redundant.

Defendants have additionally requested that Plaintiff be required to file an amended complaint that strikes references to Chuluda and Littlefield. In the context of the pending motion, the Court denies that request, concluding that such an amendment of the Complaint is unnecessary absent any showing of prejudice or confusion.

## IV.   CONCLUSION

For the reasons just explained, Defendants' Motion to Dismiss (Docket # 5) is hereby GRANTED.  Plaintiff's claims against Defendant Bruce Chuluda, in his official capacity as the Mayor of Westbrook, and Defendant Gary Littlefield, in his official capacity as the Westbrook Fire and Rescue Chief, are hereby DISMISSED.

SO ORDERED.

                                                   /s/ George Z. Singal
                                                  United States District Judge

Dated this 6th day of March, 2009.